McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVAN PALMER,<br><br>Defendant. | CASE NO. 2:19-CR-00225<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 14, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

By previous order, this case was set for status on April 14, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. On March 18, 2020, this Court issued General Order 612, which permits District Judges to continue criminal matters to a date after May 1, 2020, excluding time under the Speedy Trial Act with reference to General Order 611 and any additional findings to support the exclusion of time. These General Orders were entered to address public health concerns related to COVID-19. On March 24, 2020, the Court, on its own motion referencing General Orders 611 and 612, continued the April 14, 2020 status conference to June 16, 2020. The parties hereby stipulate that this additional time is necessary for defense preparation, and therefore, the time between April 14, 2020, and June 16, 2020, should be excluded under Local Code T4. Accordingly, the parties request that the Court adopt the proposed findings and order set forth below.

Although the General Order addresses the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 14, 2020. On March 23, 2020, the Court on its own motion continued the status to June 16, 2020 at 9:15 a.m. referencing this Court's General Orders 611 and 612.

2. By this stipulation, defendant agrees that a continuance until June 16, 2020, is necessary for defense preparation and moves to exclude time between April 14, 2020, and June 16, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has provided discovery associated with this case that includes over 10,000 pages of documents including cellular telephone location data.

   b) Counsel for defendant desires additional time to conduct independent defense investigation related to the charges, including to locate and conduct interviews of third parties, to further review the discovery for this matter, to consult with her client about the evidence and potential resolutions, and to otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because due to COVID-19 and the need to avoid in person contact to the greatest extent possible some of the necessary defense interactions and investigative steps, including locating and interviewing third parties, will take more time to complete.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

  g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 14, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

 4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

 IT IS SO STIPULATED.

Dated: April 9, 2020            McGREGOR W. SCOTT
                      United States Attorney

                      /s/ SHELLEY D. WEGER
                      SHELLEY D. WEGER
                      Assistant United States Attorney

Dated: April 9, 2020            /s/ LINDA ALLISON
                      LINDA ALLISON
                      Counsel for Defendant
                      Evan Palmer

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 9th day of April, 2020.

                      /s/ John A. Mendez
                      THE HONORABLE JOHN A. MENDEZ
                      UNITED STATES DISTRICT COURT JUDGE