1  COSCA LAW CORPORATION
   CHRIS COSCA (SBN 144546)
2  1007 7th Street, Suite 210
   Sacramento, CA 95814
3  (916) 440-1010

4  Attorney for Defendant
   EVAN PALMER

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-00225 JAM |
| Plaintiff, | **STIPULATION AND ORDER TO EXCLUDE TIME AND CONTINUE STATUS CONFERENCE** |
| v. | |
| EVAN PALMER | Date:  March 16, 2021 |
| Defendant. | Time:  9:30 a.m.<br>Judge: Hon. John A. Mendez |

**STIPULATION**

The parties hereto, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, the court set this matter for a status conference on March 16, 2021.

2. By this stipulation, defendant now moves to vacate this date and reset the status conference for April 13, 2021.

3. The parties further stipulate to exclude time between March 16, 2021 and April 13, 2021 under Local Code T4.

///

4. The parties agree and stipulate, and request that the Court find the following:

USA v. EVAN PALMER
2:19-CR-00225-JAM

      a.      Discovery in this case consists of 10,283 bates stamped materials. Recently, the government also produced a report prepared by the FBI Cellular Analysis Survey Team; this report addresses defendant's cell phone records, cell site locations, and the approximate location of his phone during relevant time periods. Counsel for defendant requires additional time to analyze the discovery, review case materials with his client, conduct appropriate investigation, perform necessary legal research, clarify client options, and to otherwise prepare for trial if necessary. In addition, defense counsel just learned the defendant has been placed in quarantine at the Sacramento County Jail due to COVID-19.

      b.      Counsel for defendant believes that failure to grant this request would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      c.      The Government does not object to the continuance.

      d.      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interests of the public and the defendant in a speedy trial as prescribed by the Speedy Trial Act.

      e.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period March 16, 2021 to April 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and B(ii) and (iv), corresponding to Local Code T4, because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///

///

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of

USA v. EVAN PALMER
2:19-CR-00225-JAM

the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: March 11, 2021

/s/ Shelley Weger
SHELLEY WEGER
Assistant United States Attorney

DATED: March 11, 2021

/s/ Chris Cosca
CHRIS COSCA
Counsel for Defendant
EVAN PALMER

**O R D E R**

IT IS SO FOUND AND ORDERED this 11th day of March, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

USA v. EVAN PALMER
2:19-CR-00225-JAM